UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SADINO, <br> Plaintiff, <br> v. <br> PROPARK AMERICA WEST, LLC, et al., <br> Defendants. | Case No. 17-cv-06018-JST <br><br> **ORDER GRANTING MOTION TO REMAND** <br> Re: ECF No. 17 |

Before the Court is Plaintiff's motion to remand. ECF No. 17. For the reasons stated below, the Court will grant the motion.

## I. BACKGROUND

### A. Facts and Procedural History

Plaintiff Aaron Sadino brings a putative class action asserting several claims under California labor laws against Defendants Propark America West LLC ("Propark"), John Steele, Michael Hewitt, Ryan Dreisbach, and Does 1 through 50 (collectively "Defendants").

Sadino was employed by Propark as an hourly valet/parking attendant in San Francisco County. ECF No. 1-2 ¶ 1. Propark is a parking management company that operates "hundreds of parking management services throughout California". Id. ¶ 16. Sadino alleges that Propark failed to provide him with meal periods, rest breaks, or itemized wage statements. Id. ¶ 1.

Sadino asserts the following six causes of action under California law: (1) failure to provide meal periods in violation of California Labor Code Sections 226.7 and 512; (2) failure to provide rest breaks in violation of California Labor Code Section 226.7; (3) failure to provide accurate itemized statements in violation of California Labor Code Section 226; (4) waiting time penalties under California Labor Code Sections 201-203; (5) unfair competition in violation of

California Business and Professions Code Section 17200, et seq. ("UCL"); and (6) for penalties under the Private Attorney General Act ("PAGA") under California Labor Code Section 2689 et seq. See ECF No. 1-2.

On August 28, 2017, Sadino filed his First Amended Complaint ("FAC") in San Francisco County Superior Court. See id. On October 20, 2017, Defendants removed the case to federal court. See ECF No. 1. On January 2, 2018, Sadino filed this motion to remand. See ECF No. 17.

## II.  LEGAL STANDARDS

### A.  Remand

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by [a] defendant . . . to [a federal] district court[.]" 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

"To invoke federal diversity jurisdiction under 28 U.S.C. § 1332(a), a matter must 'exceed[] the sum or value of $75,000.'" Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121 (9th Cir. 2013). The general-diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). If the district court determines that it lacks jurisdiction, the action must be remanded back to the state court. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citation omitted). The court "resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042 (citation omitted).

### B.  Section 301 Preemption

LMRA section 301 provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 embodies "a congressional mandate to the federal courts to fashion a body of federal common law to be used to

2

address disputes arising out of labor contracts." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985) (footnote omitted). "This federal common law, in turn, preempts the use of state contract law in CBA [Collective Bargaining Agreement] interpretation and enforcement." Matson v. United Parcel Serv., Inc., 840 F.3d 1126, 1132 (9th Cir. 2016) (citation and quotation omitted). "To give 'the policies that animate § 301 . . . their proper range,' the Supreme Court has expanded 'the pre-emptive effect of § 301 . . . beyond suits alleging contract violations' to state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting Lueck, 471 U.S. at 210-11). However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by section 301." Lueck, 471 U.S. at 211. "[T]he Supreme Court has repeatedly admonished that § 301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship; § 301 has not become a 'mighty oak' that might supply cover to employers from all substantive aspects of state law." Humble v. Boeing Co., 305 F.3d 1004, 1007 (9th Cir. 2002) (citing Lingle v. Norge Div. of Magic Chef Inc., 486 U.S. 399, 408-09 (1988); Livadas v. Bradshaw, 512 U.S. 107, 122 (1994)). "In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." Allis-Chalmers Corp., 471 U.S. at 212 (footnote omitted).

In Burnside v. Kiewit Pacific Corp., the Ninth Circuit articulated a two prong inquiry to analyze whether section 301 preemption applies. 491 F.3d 1053, 1059-60 (9th Cir. 2007). A court must first determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted and our analysis ends there." Id. at 1059 (citation omitted). However, if the court determines the right underlying the state law claim(s) "exists independently of the CBA" the court proceeds to the second prong, which inquires whether the right is "substantially dependent on analysis of a collective bargaining agreement." Id. (citation omitted).

Additionally, the U.S. Supreme Court and the Ninth Circuit have found that nonnegotiable

rights are not subject to section 301 preemption. Livadas, 512 U.S. at 123 ("§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law."); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) ("[W]e have held that § 301 does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights conferred on individual employees.") (internal citations and quotation marks omitted).

## III. DISCUSSION

Defendants allege that Sadino's meal period claims are preempted by section 301 of the Labor Management Relations Act ("LMRA") and that the Court has supplemental jurisdiction over the remaining state law claims. ECF No. 1 ¶¶ 5-21. Defendants also argue that this court has original jurisdiction under U.S. Code section 1332. Id. ¶¶ 22-44. Sadino argues that the case should be remanded because the meal period and rest break claims are not preempted by section 301 of the LMRA and diversity jurisdiction does not exist. ECF No. 17 at 3.

### A. Sadino's Claims Are Not Preempted by Section 301 of the LMRA Because the Right to Meal Periods and the Right to Rest Breaks are Nonnegotiable

Nonnegotiable rights are not subject to section 301 preemption. Livadas, 512 U.S. at 123. In California, the right to meal periods is plainly nonnegotiable. Valles v. Ivy Hill Corp., 410 F.3d at 1082. See also Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 960 (C.D. Cal. 2014). A California appellate court has held that rest breaks are a non-waivable state-mandated "minimum labor standard." Zavala v. Scott Bros. Dairy, 143 Cal. App. 4th 585, 594 (2006). Further, rest breaks, like meal periods, are similarly regulated by Labor Code section 226.7 and "address some of the most basic demands of an employee's health and welfare." Valles, 410 F.3d at 1081 (internal quotation marks and citation omitted). Thus, this Court holds that the right to rest breaks is non-negotiable and therefore not subject to section 301 preemption. See Azpeitia v. Tesoro Ref. & Mktg. Co. LLC, No. 17-CV-00123-JST, 2017 WL 3115168, at *6 (N.D. Cal. July 21, 2017).

Sadino's meal period and rest break claims are not preempted because they are based on nonnegotiable state rights. Defendants argue that meal period and related claims can be

preempted by Section 301.[1]  Defendants cite Buck v. Cemex, Inc., to support this argument.  No. 1:13-CV-00701-LJO-MJS, 2013 WL 4648579, (E.D. Cal. Aug. 29, 2013); ECF No. 18 at 13.  In Buck, a truck driver plaintiff argued that her case should be remanded to state court because her claims were "based exclusively on non-waiveable statutory rights afforded all California employees" that "exist independently of the CBA upon which Defendants rely for removal."  Buck, 2013 WL 4648579 at *3.  Nevertheless, the court denied the motion to remand because the state law claims were preempted by section 301 of the LMRA.  Id. at *7.

Defendants misrepresent Buck.  The Buck plaintiff was a former cement truck driver.  Id. at *1.  Sections 512(e) and 512(f) of the California Labor Code exempt certain categories of workers from sections 512(a) and 512(b), which protect meal period breaks.  Cal. Lab. Code § 512.  As a former truck driver, the Buck plaintiff potentially fell into this exemption.  See Cal. Lab. Code § 512(f) (subdivision (e) applies to "an employee employed as a commercial driver").  The main dispute in Buck then centered on "whether the meal period obligations imposed on California employers" by California Labor Code Section 512(a) applied to the plaintiff.  Buck, 2013 WL 4648579, at *5.

Here, Sadino and the other putative class members are parking/valet attendants.  ECF No. 1-2 ¶ 1; ECF No. 19 at 3.  Valet/parking attendants are not eligible for exemption under Section 512.  See Cal. Lab. Code. § 512(f) (subdivision (e) applies to each of the following employees: "(1) [a]n employee employed in a construction occupation; (2) [a]n employee employed as a commercial driver; (3) [a]n employee employed in the security services industry as a security officer…; and (4) [a]n employee employed by an electrical corporation, a gas corporation, or a local publicly owned electric utility").  Thus, Sadino is ineligible for an exemption.  Sadino's rights to a meal period and a rest break are nonnegotiable and are not preempted by section 301 of

---

[1] Defendants argue that Sadino's meal period claim is preempted because it will require interpreting the CBA.  ECF No. 18 at 9.  Defendants contend that the CBA "provides guaranteed pay of [eight] hours for all employees ordered to work more than [four] hours."  ECF No. 18 at 12.  Defendants argue that the Court will need to interpret the CBA to determine whether Defendant was required to pay Plaintiff an additional hour of pay for a meal period not provided.  Id.  Defendants also argue that the Court must interpret the CBA to determine what providing a meal period entails and when that meal period must commence.  Id.

5

the LRMA.

### B. The Court Does Not Have Supplemental Jurisdiction Over Sadino's State Law Claims

As discussed above, Sadino's meal period and rest break claims are not preempted by section 301. Therefore, the Court does not have supplemental jurisdiction over the remaining claims. See Hoeck v. City of Portland, 57 F.3d 781, 785 (9th Cir.1995) ("District courts have discretion to hear pendent state claims where there is a substantial federal claim arising out of a common nucleus of operative fact.") (citing 28 U.S.C. § 1367(a)) (citation omitted); Gibson v. Chrysler Corp., 261 F.3d 927, 935 (9th Cir. 2001) ("If there is no original jurisdiction, there can be no supplemental jurisdiction either, for there is no jurisdiction to which supplemental jurisdiction can attach.") (internal quotation marks omitted).

### C. The Court Lacks Diversity Jurisdiction Over This Action Because There is Not Complete Diversity

Federal court jurisdiction based on 28 U.S.C. § 1332 requires complete diversity of citizenship between the parties. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citation omitted). A court should remand a case if a defendant is "fraudulently joined." Id. "Fraudulent joinder is a term of art." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. "[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (citing Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426-27 (9th Cir.1989)). The party alleging fraudulent joinder carries the burden of demonstrating by clear and convincing evidence that the non-diverse party has been joined fraudulently. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). The defendant seeking removal to the federal court is entitled to present facts showing the joinder is fraudulent, including facts and depositions outside

the complaint. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (citing McCabe v. General Foods Corp., 811 F.2d at 1339 (9th Cir. 1987)).

Propark is a citizen of Connecticut. ECF No. 1 ¶¶ 28-31; see ECF No. 17 at 19-22; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). The individual defendants are citizens of California. ECF No. 17 at 19. Defendants assert, and Sadino does not deny, that Sadino is a citizen of California. See ECF No. 1 ¶¶ 23-27; ECF No. 17 at 19-22.

Defendants argue that there is no complete diversity because the individual defendants were fraudulently joined solely for the purpose of destroying diversity. See ECF No. 1 ¶¶ 32-33. In response, Sardino argues that he alleged "that the individual defendants were at all times employed by Propark and, among other things, responsible for controlling and operating Defendant through establishing and enforcing the policies that caused . . . the wage and hour violations . . . ." ECF No. 17 at 20. Sadino contends that this allegation is sufficient to substantiate the allegations at the pleading stage because claims against individual defendants are available in a PAGA action under section 558. Id. at 21-22. Defendants respond with two arguments: (1) California Labor Code section 558 does not provide Sadino with a private right of action; and (2) civil penalties cannot be assessed against defendants Steele, Hewitt, and Dreisbach because they did not "employ" Sadino within the meaning of the PAGA statute. ECF No. 18 at 16-18.

Defendants' first argument is not convincing. Although Labor Code section 558 does not independently provide a private right of action, a party may seek civil penalties under the PAGA. See Velasquez v. HMS Host USA, Inc., No. 2:12-CV-02312-MCE-CKD, 2012 WL 6049608, at *2 (E.D. Cal. Dec. 5, 2012) ("Pursuant to PAGA, an 'aggrieved employee' may bring a civil action personally and on behalf of other current, or former, employees to recover civil penalties for violations of the California Labor Code.") (citation omitted); see also Mendoza v. Nordstrom, Inc., 865 F.3d 1261, 1265 (9th Cir. 2017); Ochoa-Hernandez v. Cjaders Foods, Inc., No. C 08-02073 MHP, 2009 WL 1404694, at *4 (N.D. Cal. May 19, 2009).

Defendants' second argument hinges on the definition of employer. Under California Labor Code section 2699(a), an "aggrieved employee" may recover "through a civil action" "for a violation of this [labor] code . . . ." An "'aggrieved employee' means any person who was *employed* by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c) (emphasis added). Defendants contend that the individual defendants do not employ anyone within the meaning of PAGA. ECF No. 18 at 18.

Defendants rely on Martinez v. Combs, a California Supreme Court case that addressed the appropriate definition of "employer" for the purposes of establishing liability in a section 1194 action. 49 Cal. 4th 35 (2010); see ECF No. 18 at 17-18. The Martinez court held that the applicable wage order's definitions of the employment relationship apply in actions under section 1194. Martinez, 49 Cal. 4th at 66. The court noted that the Industrial Wage Commission ("IWC") defined an employer as "any person . . . who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." Id. at 63. However, the court also acknowledged that its prior opinion, Reynolds v. Bement, 36 Cal. 4th 1075 (2005), "properly holds that the IWC's definition of 'employer' does not impose liability on individual corporate agents acting within the scope of their agency," but warned that the opinion "should not be read more broadly than that." Id. at 66. The Martinez court also left open the possibility that individual defendants could be held liable as joint employers by exercising control over the working conditions of employees. Id. at 75-77.

Here, there is a question of whether the individual defendants qualify as employers, particularly given the definition of "employer" from Martinez. However, this case is only at the pleading stage. Sadino makes allegations that, if true, would potentially support a finding that defendants Steele, Hewitt, and Dreisbach exercised control over Sadino's working conditions. See FAC ¶¶ 4-5, 8. Defendants have not met their burden to show that Sadino could not possibly recover from defendants Steele, Hewitt, or Dreisbach. Therefore, the Court does not find that these defendants were fraudulently joined. See Adame v. Comtrak Logistics, Inc. No. EDCV 15-02232 DDP (KKx), 2016 WL 1389754, at *7 (C.D. Cal. Apr. 7, 2016) (finding that individual defendants were not fraudulently joined because "Defendants could be liable as individuals under

8

section 558 as well if they are found to be 'joint employers.'")

Because complete diversity is lacking, the Court need not reach the question of whether the amount in controversy is satisfied.

## CONCLUSION

For the foregoing reasons, Defendants have failed to meet their burden to show that removal is proper. This action is therefore REMANDED to San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: March 26, 2018

_____
JON S. TIGAR
United States District Judge